```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KEYSEAN L. KEYES,

                Plaintiff,
                                              ORDER
        -against-                             16-CV-7041(JS)(SIL)

MERYL BERKOWITZ, et al.,

                Defendants.
----------------------------------X
KEYSEAN L. KEYES,

                Plaintiff,

        -against-                             16-CV-7042(JS)(SIL)

MERYL BERKOWITZ, et al.,

                Defendants.
----------------------------------X
KEYSEAN L. KEYES,

                Plaintiff,

        -against-                             17-CV-0181(JS)(SIL)

RONALD LUNGO, et al.,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:     Keysean L. Keyes, pro se
                   P.O. Box 1812
                   Mineola, NY 11501

For Defendants:    No appearances.

SEYBERT, District Judge:
```

While incarcerated, pro se plaintiff Keysean L. Keyes ("plaintiff"), a frequent filer in this Court, filed three more in forma pauperis Complaints in this Court on December 14, 2016,

December 19, 2016, and January 3, 2017 (the "New Complaints"). By Electronic Order dated May 26, 2017, the New Complaints were reassigned to the undersigned. Plaintiff has already had more than three in forma pauperis complaints sua sponte dismissed as frivolous and/or for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2(B)(i)-(ii). See, Keyes v. Nassau Cty. Ct. and Sup. Ct., et al., 16-CV-4016; Keyes v. Sullivan, 16-CV-4989; Keyes v. Nassau Cty. Sheriff's Dep't, et al., 16-CV-5482; Keyes v. Nassau Cty. Corr. Facility, et al., 16-CV-5483; Keyes v. The District Att'y, et al., 16-CV-5484; Keyes v. The People of the State of N.Y., and 16-CV-5485; and Keyes v. Sullivan, et al., 16-CV-5486 all of which have been dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b) for failure to allege a plausible claim for relief.[1]

---

[1] The Court notes that, during the period October 5, 2016 through November 10, 2016, Plaintiff also filed fourteen (14) in forma pauperis complaints in cases: 16-CV-5747, 16-CV-5752, 16-CV-5753, 16-CV-5755, 16-CV-5757, 16-CV-5990, 16-CV-5991, 16-CV-5992, 16-CV-5993, 16-CV-5994, 16-CV-5995, 16-CV-6226, 16-CV-6310, and 16-CV-6311. Given Plaintiff's history of filing frivolous complaints, and because she had already accumulated three strikes under Section 1915(g), leave to file these complaints in forma pauperis was denied by Order dated December 30, 2016. In addition, Plaintiff filed another five (5) in forma pauperis complaints during the period February 1, 2017 through February 27, 2017 (17-CV-0692, 17-CV-0969, 17-CV-1059, 17-CV-1060, and 17-CV-1061) and leave to file these complaints in forma pauperis was denied by Memorandum and Order dated June 6, 2017 for the same reason.

The Prison Litigation Reform Act, 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Here, Plaintiff has not alleged that she is in "imminent danger of serious physical injury" in any of the New Complaints. See 28 U.S.C. § 1915(g). Accordingly, because Plaintiff has on at least three prior occasions "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," and has not alleged that she is "under imminent danger of serious physical injury," her applications to proceed in forma pauperis are denied as to all of the New Complaints. 28 U.S.C. § 1915(g). Accordingly, Plaintiff is DIRECTED to pay the $350 filing fee for each of the New Complaints within fourteen (14) days of the date of this Memorandum and Order. Failure to do so will lead to the dismissal of her claims without further notice and judgment shall enter in each case. Plaintiff is advised that

payment of the filing fee does not exempt her from the requirements of 28 U.S.C. § 1915A and that the Court is required to dismiss a complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A(a)-(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June   30  , 2017
       Central Islip, New York